TRULINCS 12097122 - HUIHUI, KANIU - Unit: HON-F-B

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
DEC 27 2022
at 3 o'clock and 00 min. P M
John A. Mannle, Clerk
cc: filing only

FROM: 12097122
TO:
SUBJECT: Habeas Corpus 28 U.S.C. Section 2241
DATE: 12/21/2022 02:52:42 PM

Kaniu Huihui #12097122
c/o FDC Honolulu
PO Box 30080
Honolulu, Hawaii 96820

In The United States District Court for the District of Hawaii

| | |
|---|---|
| Kaniu Huihui, Petitioner | Civ. No. CV22 00541 JAO RT |
| vs. | Writ of Habeas Corpus 28 U.S.C. Section 2241 Seeking An Order Directing the Bureau of Prisons to Apply First Step Act Credits ("FSA") Earned Time Credits ("ETC") & Residential Rehabilitation Center ("RRC") Converted To Home Confinement; Ex.A |
| Warden Estelle Derr, Respondent | |

Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241, Seeking an Order Directing the Bureau of Prisons ("BOP") to Apply My FSA ETC Credits & RRC Converted to Home Confinement

I am seeking an order directing the BOP to apply my FSA ETC Credits and have RRC converted as there is no Residential Rehabilitation Centers in the State of Hawaii, hence the reason asking for home confinement so I can enroll in outpatient drug rehabilitation drug program. This is a challenge to the execution of my sentence, and the petition is properly brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241 in the district court for the district in which I am in custody. See United States v. Kinsey, 393 F. App'x 663, 664 (11th Cir. 2010)(per curiam)(noting that Section 2241 "is appropriate means by which an inmate may challenge the [BOP's] calculation and execution of his sentence")(citing Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000)).

I. Relevant Facts and Claims
I am a federal inmate currently held at Honolulu Federal Detention Center ("FDC"). I am serving an imposed sentence of 58 months, followed by 4 years supervised release. I have served 796 days and if my FSA GTC Credits were to be applied I would have 473 days added to my time served and would have been eligible for RRC already. (Exhibit A). Since there is no RRC in the State of Hawaii I am asking for BOP to grant me home confinement in order to enroll in an outpatient drug treatment program.

II. Analysis
A. Exhaustion Requirement
In Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) held that it is no longer the law that exhaustion of administrative remedies is a jurisdictional requirement in a 2241 proceeding, the exhaustion requirement is still a requirement; it's just not a jurisdictional one. I admit that I did not exhaust my administrative remedies as Unit Team has informed all inmates that they are not getting their FSA ETC Credits as the "system is broken" nor is there RRC here in Hawaii so therefore administrative remedies will be denied in steps of the administrative remedies process.

Exhaustion may be excused where "'requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of court action.'" Shorter v Warden, 803 F. App'x 332, 336 (11th Cir. 2020)(quoting McCarthey v. Magidan, 503 U.S. 140, 146-47, 112 S.Ct. 1081, 117 L.Ed 2d 291 (1992)). This occurs when petitioner can show "'irreparable harm if unable to secure immediate judicial consideration of his claim.'" Id. (quoting McCarthy, 503 U.S. at 147). I did not exhaust my administrative remedies. Nevertheless, considering my past release date, balancing the interests favors promptly deciding the issues I raise over the institutional interests protected by exhaustion defense.

B. Merits of the FSA ETC Credits and RRC Claim
1. Authority to Calculate Sentences
The Attorney General through the BOP, administers inmate sentences. See 18 U.S.C. Section 3621(g). The BOP has exclusive jurisdiction to determine sentence credits for inmates in the first instance. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson,

---

503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed 2d 593 (1992). BOP failed to apply any of my FSA ETC Credits and placement into a RRC.

2. Calculation of My Sentence Which Includes FSA ETC Credits and RRC Placement
In Steward v. Snider, U.S. Dist. Ct. for the Northern District of Alabama, Eastern Division, 2022 U.S. DIst. LEXIS 100512 Case No.: 1:22-cv-00294-MHH-JHE (May 10, 2022) Writ of Habeas Corpus was granted, which sought an order directing the BOP to apply FSA ETC Credits. I am requesting the same as I have been incarcerated intermittently since February 27, 2020. All I am asking for is an equitable remedy, "[H}abeas corpus is, at its core, an equitable remedy," Schlup v. Delo, 513 U.S. 298, 319 (1995), and is to "be administered with...initiative and flexibility." Harris v. Nelson, 394 U.S. 286, 291 (1969).

II. Conclusion
Based on the aforementioned, I respectfully ask that my petition be granted.

[signature] December 21, 2022 Honolulu, Hawaii

Received By Mail
Date DEC 27 2022

FSC, O.O., Blank IFP w/ INSTR.
Mailed On
Date 12/28/2022
LJ